UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>        v.<br><br>ROBERT A. FAFARD,<br>            Defendant. | )<br>)<br>) Criminal No. 04-40027-FDS<br>)<br>)<br>)<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, D.J.**

WHEREAS, on or about December 8, 2004, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging defendant Robert A. Fafard, (the "Defendant"), with Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b)(Count One); Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a) (Counts Two and Three); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Four);

WHEREAS, the Indictment sought the forfeiture, as a result of committing the offense alleged in Counts Two through Four of the Indictment, of (1) any and all matter which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. § 2252, (2) any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations, and (3) any and all property used or intended to be used in any manner or part to

1

commit and to promote the commission of the aforementioned violation, pursuant to 18 U.S.C. § 2253, including, but not limited to, (1) one TCS III Computer Model BG95-AP53, (2) one DELL 2400 Computer serial number 00043-511-383-356, and (3) related items that were seized by law enforcement officials from the Defendant's residence on November 10, 2004;

WHEREAS, on or about May 25, 2006, the Defendant pled guilty to Counts One through Four of the Indictment, pursuant to a written plea agreement he signed on May 25, 2006;

WHEREAS, in Section Nine of the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea including, without limitation, (1) one TCS III Computer Model BG95-AP53, (2) one DELL 2400 Computer serial number 00043-511-383-356, and a Kodak digital camera model CX4230 (the "Property");

WHEREAS, the Defendant admitted in the plea agreement that the Property is subject to forfeiture on the grounds that it was property used and intended to be used to commit the offenses charged in the Indictment;

WHEREAS, based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Property and the offenses to which the Defendant has pled guilty;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §2253(e), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the plea agreement, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Property is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS") is hereby authorized to seize the Property and maintain it in its secure custody and control.

3. Pursuant to 18 U.S.C. § 2253, the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Property pursuant hereto.

4. Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be

3

forfeited.

5.   Pursuant to 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.   Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Property.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Property.

7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will

become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
F. DENNIS SAYLOR IV
United States District Judge

Date: 8.1.06