UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 04 CR 40027-FDS |
| | ) | |
| ROBERT A. FAFARD, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE SENTENCING

The government files this opposition to the motion of the Defendant, Robert Fafard, to continue sentencing for approximately three months.

Defendant seeks to continue sentencing to address medical issues, including high blood pressure and a tumor which needs to be removed by a dermatologist. The government respectfully submits that these issues can be address by the Bureau of Prisons while Defendant is in custody. The government further notes that both of these conditions pre-dated the plea in this case.

Fed. R. Crim. P. 32(b)(1) mandates that sentence shall be imposed "without unnecessary delay." Given the nature of the medical conditions identified by Defendant as the reason for a continuance, and the fact that such conditions are not so uncommon that they cannot be treated by BOP, a continuance would violate Rule 32.

Defendant also claims that records generated from treating these conditions may be relevant to a departure. On the basis of the existing record, the government disagrees. The Guidelines

provide for the possibility of a departure only in cases of "extraordinary physical impairment." The nature of a medical condition that might warrant a departure is illuminated by the United States v. Rivera-Maldonado, 194 F.3d 224, 235-36 (1st Cir. 1999). There the Court held that a district court lacked authority to depart under §5H1.4 where medical records established only that a defendant is HIV-positive. In Rivera-Maldonado, the Court ruled that the medical evidence did not enable the district court to find that the HIV-positive defendant had an "extraordinary physical impairment." Id. at 235. The Court observed that the defendant did not have advanced AIDS and remained in relatively good physical condition. Id. The Court also quoted the following passage from United States v. Depew, 751 F.Supp. 1195, 1199 (E.D. VA 1990), aff'd on other grounds, 932 F.2d 324 (4th Cir. 1991), a case dealing with a departure request based on a diagnosis of asymptomatic AIDS:

> Only an "extraordinary physical impairment" may justify a sentence other than imprisonment. AIDS is not such a "physical impairment;" nor is cancer or various other terminal or life threatening conditions. The Bureau of Prisons ... has the medical personnel and facilities required to furnish defendant with the care and treatment he needs. Indeed, defendant is entitled to that care and treatment. . . . In sum, defendant's physical condition, while lamentable, is no basis for a departure. Except in extraordinary circumstances not present here, terminally ill persons who commit serious crimes may not use their affliction to escape prison. Were this rule otherwise, the law's deterrent effect would be unreasonably and unnecessarily

>      diminished in the case of terminally ill
>      persons.

Id. at 235 n.14.

By comparison, and given the available medical information, the government submits that Defendant's medical condition is not so extraordinary as to warrant a departure.

Accordingly, the government respectfully opposes the motion to continue this matter for three months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ David Hennessy
     David Hennessy
     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have upon counsel of record, Alan Black, Esq., a copy of the foregoing document by U.S. Mail on this the 25th day of August, 2006.

 /s/ David Hennessy
David Hennessy
ASSISTANT UNITED STATES ATTORNEY