UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 04 CR 40027-FDS |
| | ) | |
| ROBERT A. FAFARD, | ) | |
| | ) | |
| Defendant. | ) | |

             GOVERNMENT'S SENTENCING MEMORANDUM

The government files this memorandum in connection with sentencing in the above-captioned case.

**Acceptance of Responsibility**

With the Court's permission, the government will move orally at sentencing to award Defendant a third point for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b).

**Forfeiture**

The government requests that the Court include an order of forfeiture in both the oral pronouncement of sentence and in the Judgment.  Fed. R. Crim. P. 32.2(b)(3) provides that the "order of forfeiture becomes final as to the defendant and must be made part of the sentence and included in the judgment."  In this case, a preliminary order of forfeiture for two computers (TCS III Computer, Model BG95-AP53; AND Dell 2400 Computer, serial number 00043-511-383-356) and a Kodak digital camera, model CX4230, was endorsed by the Court on August 1, 2006.

**Departure Motion**

The government opposes the motion to depart from the advisory guidelines based on age and physical infirmity. Defendant, at age 62, is not elderly.

Similarly, Defendant does not suffer from an extraordinary physical impairment. The Guidelines provide for the possibility of a departure only in cases of "extraordinary physical impairment." The nature of a medical condition that might warrant a departure is illuminated by the United States v. Rivera-Maldonado, 194 F.3d 224, 235-36 (1st Cir. 1999). There the Court quoted the following passage from United States v. Depew, 751 F.Supp. 1195, 1199 (E.D. VA 1990), aff'd on other grounds, 932 F.2d 324 (4th Cir. 1991), a case dealing with a departure request based on a diagnosis of asymptomatic AIDS:

> Only an "extraordinary physical impairment" may justify a sentence other than imprisonment. AIDS is not such a "physical impairment;" nor is cancer or various other terminal or life threatening conditions. The Bureau of Prisons ... has the medical personnel and facilities required to furnish defendant with the care and treatment he needs. Indeed, defendant is entitled to that care and treatment. . . . In sum, defendant's physical condition, while lamentable, is no basis for a departure. Except in extraordinary circumstances not present here, terminally ill persons who commit serious crimes may not use their affliction to escape prison. Were this rule otherwise, the law's deterrent effect would be unreasonably and unnecessarily diminished in the case of terminally ill persons.

Id. at 235 n.14.

Finally, to the extent Defendant seeks a departure based on

criminal history, the government respectfully notes that the advisory guideline range necessarily reflects Defendant's criminal history.

Accordingly, the government respectfully opposes the motion for a departure.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s/ David Hennessy
>      David Hennessy
>      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have upon counsel of record, Alan J. Black, Esq., a copy of the foregoing document by facsimile on this the 7th day of September, 2006.

>  /s/ David Hennessy
> David Hennessy
> ASSISTANT UNITED STATES ATTORNEY